UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LARRY K. ALBERT,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INTERNATIONAL CREDIT CORP., (US) and REGENCY CREDIT, L.L.C.<br><br>Defendants. | 4:10-CV-153-TWP-WGH<br><br>CIVIL ACTION NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought by Plaintiff Larry K. Albert for statutory and actual damages, punitive damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, by Defendants.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1337(a), 1343(a)(4).

### III. PLAINTIFF

3. Plaintiff Larry K. Albert is a natural person residing in North Vernon, Indiana.

### IV. DEFENDANT

4. Defendant Allied International Credit Corp., (US) (hereinafter "AICC") is a for-profit foreign corporation with its principal place of business in Phoenix, Arizona.

5. At all times referenced herein, AICC was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. § 1692a(6).

6. Defendant Regency Credit, L.L.C. (hereinafter "Regency Credit") is a for-profit foreign limited liability company with its principal place of business in Tempe, Arizona.

7. At all times referenced herein, Regency Credit was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. § 1692a(6).

## V.   STATEMENT OF FACTS

8. Chase Home Finance LLC held a note owed by Plaintiff and secured by a second mortgage on a home owned by Plaintiff.

9. On or before May 14, 2010, Chase Home Finance LLC agreed to compromise the note for less than the amount owed, provided Plaintiff complied with all conditions subsequent.

10. Thereafter, on or about June 11, 2010, Plaintiff complied with all conditions subsequent and the note was deemed satisfied.

11. Regency Credit obtained Plaintiff's consumer report on June 24, 2010.

12. In August, 2010, Regency Credit reported to a national credit reporting agency a debt allegedly arising from the note as "Placed for collection" with an outstanding balance of $35,020.

13. In approximately September, 2010, Regency Credit called Plaintiff in an attempt to collect on the debt allegedly arising from the note.

14. AICC obtained Plaintiff's consumer report on October 12, 2010.

15. On or about October 13, 16, 19, 26 and 29 and November 1 and 2 of 2010, AICC called Plaintiff in an attempt to collect on the debt allegedly arising from the note.

## VI.   CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act – Regency Credit

16. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through fifteen above.

17. Regency Credit violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    a. Attempting to collect a debt that Plaintiff does not owe, in violation of 15 U.S.C. § 1692d;

    b. Falsely representing the amount and legal status of a debt, in violation of 15 U.S.C. § 1692e;

  c. Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f; and

  d. Failing to send Plaintiff a written notice containing the disclosures required by 15 U.S.C. § 1692g(a) within five days of Regency Credit's initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g.

18. As a result of the violation of the Fair Debt Collection Practices Act, Regency Credit is liable to Plaintiff for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

### B. Fair Credit Reporting Act – Regency Credit

19. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through fifteen above.

20. Regency Credit violated § 1681i(a)(1) of the Fair Credit Reporting Act by obtaining Plaintiff's consumer report without a permissible purpose.

21. The foregoing violation was willful.

22. As a result of the violation of the Fair Credit Reporting Act, Regency Credit is liable to Plaintiff for his actual damages, statutory damages, punitive damages, costs, attorney fees and all other appropriate relief.

### C. Fair Debt Collection Practices Act – AICC

23. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through fifteen above.

24. AICC violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

  a. Attempting to collect a debt that Plaintiff does not owe, in violation of 15 U.S.C. § 1692d;

  b. Falsely representing the amount and legal status of a debt, in violation of 15 U.S.C. § 1692e;

  c. Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f; and

  d. Failing to send Plaintiff a written notice containing the disclosures required by 15 U.S.C. § 1692g(a) within five days of AICC's initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g.

25. As a result of the violation of the Fair Debt Collection Practices Act, AICC is liable to Plaintiff for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

### D. Fair Credit Reporting Act – AICC

26. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through fifteen above.

27. AICC violated § 1681i(a)(1) of the Fair Credit Reporting Act by obtaining Plaintiff's consumer report without a permissible purpose.

28. The foregoing violation was willful.

29. As a result of the violation of the Fair Credit Reporting Act, Regency Credit is liable to Plaintiff for his actual damages, statutory damages, punitive damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants in an amount that will compensate him for his actual damages, statutory damages, punitive damages, costs, attorney fees and all other appropriate relief.

Respectfully submitted,

Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
380 Mount Zion Road, Suite C
Lebanon, IN 46052
800-817-0461
robert@robertdufflaw.com